UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER MORROW, individually
and as next friend of his minor child, I.M.,

                    Plaintiffs,

          -against-

PAUL HYMOWITZ, Ph.D.,

                    Defendant.

26-CV-0192 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Christopher Morrow, appearing *pro se*, brings this action, under 42 U.S.C. §§ 1983 and 1985, alleging violations of procedural and substantive due process rights, fabrication and falsification of evidence, and conspiracy to obstruct justice and seeking money damages and a declaratory judgment. The Court dismisses the complaint for the following reason.

Plaintiff previously submitted to this court an identical complaint against Defendant on January 5, 2026. That case is pending before the undersigned. *See Morrow v. Hymowitz*, ECF 1:26-CV-0129 (LTS) ("*Morrow I*"). Because this complaint raises the same claims and seeks the same relief, no useful purpose would be served by litigating this duplicate lawsuit. The Court therefore dismisses this case without prejudice to Plaintiff continuing to litigate *Morrow I*.

By order dated January 12, 2026, in *Morrow I*, the Court directed Plaintiff to either pay the filing fees for this action or submit an application to proceed *in forma pauperis* ("IFP"), and to submit a signed copy of the signature page to the complaint. *Morrow I*, ECF 1:25-CV-0129, 3. Because Plaintiff signed the complaint commencing this action, the Court directs the Clerk of Court to docket the complaint in this action (ECF 1) in *Morrow I*, ECF 1:25-CV-0129. Plaintiff need not file a separate signature page in that action.

Although Plaintiff filed an IFP application in this action (ECF 2), he did not sign the document. Plaintiff must therefore comply with the Court's January 12, 2026 order in *Morrow I* by submitting a signed IFP application in that action within the time prescribed in that order.

## CONCLUSION

Plaintiff's complaint is dismissed without prejudice as duplicative of *Morrow I*, ECF 1:26-CV-00129 (LTS).

The Clerk of Court is directed to docket the complaint in this case (ECF 1) in the pending case, *Morrow I*, ECF 1:26-CV-00129 (LTS). All pending applications in this case are denied without prejudice.

The Court reminds Plaintiff that he must comply with the Court's January 12, 2026 order in *Morrow I* by filing a signed IFP application in that action within the prescribed time.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment dismissing this case.

SO ORDERED.

 Dated:   January 15, 2026
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge